**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

......................................................................... x

Jonathan Cardenas Orozco *on behalf of himself*     :    Civil Action No.
*and others similarly situated*,                   :
                                           :
           Plaintiffs,              :
  - against -                      :    **FLSA COLLECTIVE ACTION**
                                           :    **and RULE 23 CLASS ACTION**
CWS Amsterdam Ave, Inc; CWS Yonkers, Inc;   :    **COMPLAINT**
CWS Yonkers 2, Inc; Ahmed Amin; Tony De      :
Desisso; and MD R Chowdhury,           :
                                           :    **Jury Trial Demanded**
          Defendants            :

......................................................................... x

Plaintiff Jonathan Cardenas Orozco, on behalf of himself and other similarly situated employees, as class representatives, by and through their attorney, CWS Amsterdam Ave, Inc; CWS Yonkers, Inc; CWS Yonkers 2, Inc; Ahmed Amin, Tony De Desisso, and MD R Chowdhury (collectively, the "Defendants") and alleges upon personal knowledge as to themselves and upon information and belief as to other matters, as follows:

## NATURE OF THE ACTION

1.     Plaintiff alleges that, pursuant to the Fair Labor Standards Act, as amended, 29 U.S.C. §§ 201, et seq. ("FLSA"), he and a proposed class of others similarly situated are entitled to recover from the Defendants: (1) unpaid overtime compensation, (2) liquidated damages on those amounts, (3) prejudgment and post-judgment interest; and (4) attorneys' fees and costs.

2.     Plaintiff further alleges that, pursuant to the New York Labor Law "NYLL", he and a proposed class of others similarly situated are entitled to recover from the Defendants: (1) unpaid minimum wage; (2) Unpaid overtime compensation; (3) unpaid "spread of hours: premium for each day they worked in excess of ten (10) hours; (4) damages for failure to give required notices and wage statements; (5) liquidated damages and civil penalties pursuant to the New York Labor Law and the New York State Wage Theft Prevention Act; (6) prejudgment and

post-judgment interest; (7) Unlawful Retaliation and (8) attorneys' fees and costs.

3.      Plaintiff further alleges (1) Retaliation under New York City Administrative Code "NYCAC", and additionally under the Earned Safe and Sick Time Act.

4.      In addition to seeking recovery for the Plaintiff, this lawsuit also seeks to recover minimum wage, overtime compensation, spread-of-hours pay, and statutory penalties for similarly situated employees.

## JURISDICTION AND VENUE

5.      This Court has subject matter jurisdiction over Plaintiff's federal claims pursuant to the Fair Labor Standards Act, 29 U.S.C. § 201 et seq. ("FLSA"), and 28 U.S.C. §§ 1331 and 1337 and 1343 and has supplemental jurisdiction over Plaintiff's state law claims pursuant to 28 U.S.C. § 1367(a).

6.      Venue is proper in the Southern District of New York pursuant to 28 U.S.C. § 1391 because at the majority of the defendants reside in the district and the conduct making up the basis of the complaint took place in this judicial district.

## PARTIES

7.      Plaintiff is a resident of Yonkers, New York in Westchester County.

8.      CWS Amsterdam Ave., Inc., CWS Yonkers, Inc. and CWS Yonkers 2, Inc. (the "Corporate Defendants") are domestic corporations organized under the laws of the State of New York, with a New York Department of State address for process listed as 25 Fairchild Ave., Suite 300, Plainview, New York, 11803.

9.      Upon information and belief, Defendant Ahmed Amin (the "Individual Defendant") is residing in 2471 Maclay Ave, Apt A, Bronx, NY 10461-3030, and is one of the owners and managers of the Corporate Defendants.

10.     Upon information and belief, Defendant Tony De Desisso (the

"Individual Defendant") is residing in 217 Alexander Ave, Unit 16G, Bronx, NY 10454, and is one of the owners and managers of the Corporate Defendants.

11.     Upon information and belief, Defendant MD R Chowdhury (the "Individual Defendant") is residing in 2015 Newbold Ave Apt D11 Bronx, NY 10462-4516, and is one of the owners and managers of the Corporate Defendants.

12.     Upon information and belief the Individual Defendants are each an owner, shareholder, director, supervisor, managing agent, and/or proprietor, of the Corporate Defendants.

13.     The Individual Defendants each actively participate in the day-to-day operations of each of the Corporate Defendants and acted intentionally and maliciously and is an employer pursuant to the FLSA, 29 U.S.C. § 203(d) and Regulations promulgated thereunder, 29 C.F.R. § 791.2, as well as New York Labor Law§ 2 and the Regulations thereunder, and is jointly and severally liable with the Corporate Defendants.

14.     Defendants run a chain of wireless telecommunications establishments located throughout the State of New York.

15.     Upon information and belief, all of Defendants' locations share common management and are centrally controlled and/or owned by the Individual Defendant.

16.     Upon information and belief, the Individual Defendant has had control over and the power to change compensation practices for all employees at all of Defendants' locations.

17.     Upon information and belief, the Individual Defendant has had the power to determine employee policies for employees at all of the Defendants' locations, including, but not limited to, time-keeping, payroll policies, and policies governing the allocation of tips and/or gratuities.

18.     Upon information and belief, at all times relevant to the allegations in this

Complaint, the Defendants are and continue to be an "enterprise engaged in commerce" within the meaning of the FLSA in that Defendants (i) have and had employees engaged in commerce or in the production of goods for commerce, or that handle, sell, or otherwise work on goods or materials that have been moved in or produced for commerce, and (ii) have and had an annual gross volume of sales of not less than $500,000.

19.     Defendants continuously employed Plaintiff to work as non-exempt employees.

20.     Throughout the employment, Plaintiff worked at the two of the stores operated by Defendants stores located at 843A Bronxville Road, Yonkers, NY 10708 and 526 Amsterdam Ave, New York, NY 10024.

21.     The work performed by Plaintiff was essential to the businesses operated by Defendants.

22.     Defendants knowingly and willfully failed to pay Plaintiff his lawfully earned wages for each hour of employment in direct contravention of the FLSA and New York Labor Law's overtime wage requirements.

23.     Defendants knowingly and willfully failed to pay Plaintiff his lawfully earned minimum wage requirements, and earned "spread of hours" premium in direct contravention of the New York Labor Law.

24.     Plaintiff has satisfied all conditions precedent to the institution of this action, or such conditions have been waived.

## **STATEMENT OF FACTS**

25.     Plaintiff at all relevant times was a covered employee within the meaning of the FLSA and NYLL.

26.     Plaintiff was employed by Defendants from about July 14, 2020 to about September 27, 2020.

- 20 -

27.    Plaintiff's work schedule varied but at the minimum he worked Monday through Saturday. He would occasionally also work on Sundays, meaning that he would on occasion work 7 days in a week.

28.    Plaintiff's work hours were from on average from 9am until about 9pm Monday through Saturdays. Therefore, Plaintiff would work on average about 72 hours a week.

29.    Throughout his employment, Plaintiff would occasionally work past 9 pm and sometimes not leave the store until 11:30pm.

30.    On the Sundays that he worked, his schedule for that day was from 11am until 6pm which means that he would work an average of 79 hours a week for the weeks he worked 7 days.

31.    Plaintiff was originally offered to work at $15 per hour, but when Plaintiff arrived on his first day in July 2020, the Defendants changed the rate of pay to $10 per hour until he finished his "training." After two days of training Plaintiff asked to be paid $15 dollars an hour as was promised but then Defendants changed the terms again and told Plaintiff that he was not ready to be paid $15 an hour yet.

32.    Defendants promised Plaintiff that he would receive commissions during his employment, such as $50 for every line he opened on an account. Plaintiff never received any commissions while he worked for the Defendants.

33.    Plaintiff asked several times throughout his employment to receive $15 per hour but Defendants denied his request and eventually in September of 2020 they told him that they have never paid an employee $15 per hour and don't plan on paying him that amount.

34.     Plaintiff asked to be paid the $15 an hour promised and to be on the books, but Defendants denied Plaintiff's request and ended up paying him off the books and at $10 an hour throughout his entire employment.

35.     On or about September 18, 2020, Plaintiff informed Defendants that he would miss work due to an illness. Defendants became upset that he was calling out of work and questioned his ability to work for their business.

36.     On or about the same date, Plaintiff raised the issues about not receiving proper overtime compensation, not being paid $15 per hour for the duties he was assigned, as well as a lack of lunch breaks.

37.     On or about the same day Plaintiff raised these concerns and requests (September 18, 2020), The Defendants threatened to fire Plaintiff and declared that he would never receive $15 per hour, admonished him for taking a day off for being sick, and ignored his other requests and statements.

38.     On September 27, 2020, Defendants fired Plaintiff based on Defendants' claim that Plaintiff's work performance was poor.

39.     The threat of termination by the Defendants is unlawful retaliation under both the NYLL and the NYCAC.

40.     At no point did Defendants inform Plaintiff of the minimum wage or overtime provisions of the FLSA or the NYLL.

41.     Defendants knowingly and willfully operated their business with a policy of not properly paying Plaintiff and other similarly situated employees the New York State minimum wage, the FLSA overtime rate (of time and one-half), and the New York State overtime rate (of time and one-half), in direct violation of the FLSA and New York Labor Law and the

supporting federal and New York State Department of Labor Regulations.

42.     Defendants knowingly and willfully operate their business with a policy of not paying Plaintiff and other similarly situated employees "spread of hours" premium for each day that they work a shift in excess of ten (10) hours, in direct violation of the New York Labor Law and the supporting New York State Department of Labor Regulations.

43.     Defendants did not furnish Plaintiff with an accurate statement with every payment of wages, listing gross wages, deductions and net wages as required by New York Labor Law § 195.

44.     Defendants failed to display, in a place accessible to employees and in a visually conspicuous manner, the notices of employee rights to receive the minimum wage and overtime pay at a rate of one and one-half times their regular rate as required under the New York Labor Law.

45.     Defendants failed to provide written notice concerning the terms of a commission program under which employees were eligible to receive commissions.

46.     There is no written contract or other written document, signed or otherwise, reflecting the terms of the commissions program offered and administered by Defendants.

47.     Defendants failed to timely pay commissions earned within the time required by the New York Labor Law.

48.     Defendants failed to display, in a place accessible to employees and in a visually conspicuous manner a copy of New York Labor Law § 193 regarding the prohibition on illegal deductions from wages.

## COLLECTIVE ACTION ALLEGATIONS

49.     Plaintiff brings this action individually and as class representative on behalf of the "Proposed FLSA Collective" defined as:

- 20 -

all current and former employees paid under minimum wage for working
at a CWS retail mobile phone store during the three year period prior to
the filing of the complaint.

50.    Upon information and belief, the total number of members of the proposed

collective action class is so numerous that joinder of all members is impracticable. Although the

precise number of such persons is unknown, and the facts upon which the calculation of that

number are presently within the sole control of the Defendants, upon information and belief,

there are more than fifty (50) Collective Action Members who worked for the Defendants during

the Collective Action Period, most of whom would not be likely to file individual suits because

they lack adequate financial resources, access to attorneys, or knowledge of their claims.

Therefore, Plaintiff submit that this matter should be certified as a collective action under the

FLSA, 29 U.S.C. § 216(b).

51.    Plaintiff will fairly and adequately protect the interests of the Collective Action

Members and have retained counsel that is experienced and competent in the fields of

employment law and class action litigation. Plaintiff has no interests that are contrary to or in

conflict with those members of this collective action.

52.    This action should be certified as a collective action because the prosecution of

separate actions by individual members of the class would create a risk of either inconsistent or

varying adjudications with respect to individual members of the class, or adjudications with

respect to individual members of the class that would as a practical matter be dispositive of the

interests of the other members not parties to the adjudication, or substantially impair or impede

their ability to protect their interests.

53.    A collective action is superior to other available methods for the fair and efficient

adjudication of this controversy, since joinder of all members is impracticable. Furthermore,

inasmuch as the damages suffered by individual Collective Action Members may be relatively

- 20 -

small, the expense and burden of individual litigation make it virtually impossible for the members of the collective action to individually seek redress for the wrongs done to them. There will be no such difficulty in the management of this action as a collective action.

54.    Questions of law and fact common to the members of the collective action predominate over questions that may affect only individual members because Defendants have acted on grounds generally applicable to all members. Among the common questions of law and fact common to Plaintiff and other Collective Action Members are:

a.    Whether the Defendants employed Plaintiff and the Collective Action Members within the meaning of the FLSA;

b.    Whether the Defendants failed to keep true and accurate time and pay records for all hours worked by Plaintiff and the Collective Action Members;

c.    What proof of hours worked is sufficient where the employer fails in its duty to maintain time records;

d.    Whether the Defendants' violations of the FLSA are willful as that term is used within the context of the FLSA; and,

e.    Whether the Defendants are liable for all damages claimed hereunder, including but not limited to compensatory, liquidated and statutory damages, interest, attorneys' fees, and costs and disbursements.

f.    Whether the Defendants failed to pay Plaintiff and the Collective Action Members minimum wages for all hours worked; and

g.    Whether the Defendants failed to pay Plaintiff and the Collective Action Members for hours worked in excess of 40 hours per workweek.

55.    Plaintiff knows of no difficulty that will be encountered in the management of this litigation that would preclude its maintenance as a collective action.

- 20 -

56.     Plaintiff and others similarly situated have been substantially damaged by the Defendants' wrongful conduct.

## CLASS ACTION ALLEGATIONS

57.     Plaintiff sues on his own behalf and on behalf of a class of persons under Rules 23(a), (b)(2), and (b)(3) of the Federal Rules of Civil Procedure.

58.     In addition to bringing this action as a proposed collective action to remedy violations of the FLSA, Plaintiff also brings this action on behalf of a "Proposed Rule 23 Class", under Rules 23(a), (b)(2), and (b)(3) of the Federal Rules of Civil Procedure, and consisting of:

> all current and former employees paid a day-rate for working at a CWS retail mobile phone store during the six year period prior to the filing of the complaint.

59.     Upon information and belief, the persons in the Proposed Class are so numerous that joinder of all members is impracticable. Although the identity and precise number of such persons is unknown, and the facts upon which the calculation of that number may be ascertained are presently within the sole control of the Defendants, the Proposed Class consists of all non-managerial current and former employees and, therefore, is so numerous that joinder is impracticable and most of whom would not be likely to file individual suits because they lack financial resources, access to attorneys, or knowledge of their claims.

60.     The claims of Plaintiff are typical of the claims of the Proposed Class, and a Rule 23 class action is superior to other available methods for the fair and efficient adjudication of the controversy, particularly in the context of wage and hour litigation, where individuals lack the financial resources to vigorously prosecute a lawsuit in federal court against a corporate defendant.

61.     The Defendants have acted on grounds generally applicable to the Proposed Class, thereby making appropriate final injunctive relief or corresponding declaratory relief with

respect to the Proposed Class as a whole.

62.    Plaintiff has committed himself to pursuing this action and has retained counsel experienced in employment law and class action litigation.

63.    Plaintiff will fairly and adequately protect the interests of the Proposed Class. Plaintiff understands that, as a class representatives, he assumes a fiduciary responsibility to the Class Members to represent their interests fairly and adequately, and that he must consider their interests just as he would represent and consider his own interests, and that he may not favor his own interests over those of the Class Members.

64.    Plaintiff recognizes that any resolution of a Rule 23 class action lawsuit, including any settlement or dismissal thereof, must be in the best interests of the Class. Plaintiff understands that in order to provide adequate representation, they must remain informed of litigation developments and that he may be called upon to testify in depositions and at trial.

65.    Plaintiff has the same interests in this matter as all other members of the Proposed Class, and Plaintiff's claims are typical of the Proposed Class.

66.    There are questions of law and fact common to the Proposed Class which predominate over any questions solely affecting the individual members of the Proposed Class, including but not limited to:

      a.    Whether the Defendants employed Plaintiff and the Class members within the meaning of the New York Labor Law;

      b.    Whether the Defendants failed to keep true and accurate time and pay records for all hours worked by Plaintiff and the Class members;

      c.    What proof of hours worked is sufficient where the employer fails in its duty to maintain time records;

      d.    Whether the Defendants failed to pay Plaintiff and the Class members the

applicable minimum wage for all straight time hours worked and the required overtime compensation for all hours worked in excess of forty (40) hours per workweek, in violation of the New York Labor Law and the regulations promulgated thereunder;

e.  Whether the Defendants failed to pay Plaintiff and the Class members "spread of hours" premium for each day they worked a shift in excess of ten (10) hours, in violation of the New York Labor Law and the regulations promulgated thereunder;

f.  Whether Defendants' violations of the New York Labor Law are willful as that term is used within the context of the New York Labor Law; and,

g.  Whether Defendants are liable for all damages claimed hereunder, including but not limited to compensatory, liquidated and statutory damages, interest, costs, attorneys' fees, and costs and disbursements.

## STATEMENT OF CLAIM

### COUNT I: FLSA –Overtime
*Brought on behalf of Plaintiff and the Proposed FLSA Collective*

67.  Plaintiff re-alleges and re-avers each and every allegation and statement contained in paragraphs above of this Complaint as if fully set forth herein.

68.  Plaintiff has consented in writing to be a party to this action, pursuant to 29 U.S.C. § 216(b).

69.  At all relevant times, upon information and belief, Defendants were and continue to be an employer engaged in interstate commerce and/or the production of goods for commerce within the meaning of the FLSA, 29 U.S.C. §§ 206(a) and 207(a). Further, Plaintiff and the Proposed FLSA Collective members are covered individuals within the meaning of the FLSA, 29 U.S.C. §§ 206(a) and 207(a).

- 20 -

70.     At all relevant times, Defendants employed Plaintiff and the Proposed FLSA Collective members within the meaning of the FLSA.

71.     Upon information and belief, at all relevant times, Defendants have had gross revenues in excess of $500,000.

72.     Plaintiff and the Proposed FLSA Collective members were entitled to be paid at the rate of time and one-half for all hours worked in excess of the maximum hours provided for in the FLSA.

73.     Defendants failed to pay Plaintiff and the Proposed FLSA Collective members overtime compensation in the lawful amount for all hours worked in excess of the maximum hours provided for in the FLSA.

74.     At all relevant times, Defendants had, and continue to have a policy and practice of refusing to pay overtime compensation at the statutory rate of time and one-half to Plaintiff and the Proposed FLSA Collective members for all hours worked in excess of forty (40) hours per work week, which violated and continues to violate the FLSA, 29 U.S.C. §§ 201, et seq., including 29 U.S.C. §§ 207(a)(l) and 215(a).

75.     Defendants have a policy that employees sign in and sign out of their shifts on the work computer and thus are aware of the hours worked of their employees. Defendants knowingly and willfully disregarded the provisions of the FLSA as evidenced by their failure to compensate Plaintiff and the Proposed FLSA Collective members at the statutory overtime rate of time and one-half for all hours worked in excess of forty (40) hours per week, when they knew or should have known such was due and that non-payment of minimum wage and overtime compensation would financially injure Plaintiff and the Proposed FLSA Collective

76.     Defendants failed to properly disclose or apprise Plaintiff and the Proposed FLSA

Collective members of their rights under the FLSA.

77.    As a direct and proximate result of Defendants' violation of the FLSA, Plaintiff and the Proposed FLSA Collective members are entitled to liquidated damages pursuant to the FLSA.

78.    Due to the reckless, willful and unlawful acts of Defendants, Plaintiff and the Proposed FLSA Collective members suffered damages in an amount not presently ascertainable of unpaid overtime compensation, and an equal amount as liquidated damages, and prejudgment interest thereon.

79.    Plaintiff and the Proposed FLSA Collective members are entitled to an award of their reasonable attorneys' fees, costs and expenses, pursuant to 29 U.S.C. § 216(b).

### COUNT II: NYLL – Minimum Wage, Overtime, Spread-of-Hours Pay
### *Brough on behalf of Plaintiffs and the Proposed Rule 23 Class*

80.    Plaintiff re-allege and re-aver each and every allegation and statement contained in paragraphs above of this Complaint as if fully set forth herein.

81.    Defendants employed Plaintiff and the Rule 23 Proposed Class members within the meaning of New York Labor Law §§ 2 and 651.

82.    Defendants knowingly and willfully violated the rights of Plaintiff and the Rule 23 Proposed Class members by failing to pay Plaintiff and the Rule 23 Proposed Class members the applicable minimum wage for all straight time hours worked and required overtime compensation at the rate of time and one-half for each hour worked in excess of forty (40) hours in a workweek.

83.    Employers are required to pay a "spread of hours" premium of one (1) additional hour' s pay at the statutory minimum hourly wage rate for each day where the spread of hours in an employee's workday exceeds ten (10) hours. New York State Department of Labor Regulations § 146-1.6.

- 20 -

84.    Defendants knowingly and willfully violated the rights of Plaintiff and the Rule 23 Proposed Class members by failing to pay "spread of hours" premium to Plaintiff and the Rule 23 Proposed Class members for each day they worked in excess of ten (10) hours pursuant to New York State Department of Labor Regulations.

85.    Defendants' violations of the NYLL, as described, were willful and intentional.

86.    Defendants failed to properly disclose or apprise Plaintiff and the Rule 23 Proposed Class members of their rights under the New York Labor Law.

87.    Due to the Defendants' New York Labor Law violations, Plaintiff and the Rule 23 Proposed Class members are entitled to recover from Defendants the difference between their actual wages and the amounts that were owed under the New York Labor law. The deficiency accounts for minimum wage for all straight time hours, overtime compensation for all overtime hours, "spread of hours" premium, reasonable attorneys' fees, and costs and disbursements of this action, pursuant to New York Labor Law§§ 663(1), 198.

### COUNT III: NYLL - Annual Wage Notice and Periodic Wage Statements
### *Brough on behalf of Plaintiffs and the Proposed Rule 23 Class*

88.    Plaintiff re-alleges and re-avers each and every allegation and statement contained in paragraphs above of this Complaint as if fully set forth herein.

89.    Defendants have willfully failed to supply Plaintiff and the members of the Rule 23 Class with wage notices, as required by NYLL, Article 6, § 195(1), in English or in the language identified by Plaintiff and the members of the Rule 23 Class as their primary language, containing Plaintiff's and the members of the Rule 23 Class' rate or rates of pay and basis thereof, whether paid by the hour, shift, day, week, salary, piece, commission, or other; hourly rate or rates of pay and overtime rate or rates of pay if applicable; the regular pay day designated by the employer in accordance with NYLL, Article 6, § 191; the name of the employer; any "doing business as" names used by the employer; the physical address of the

employer's main office or principal place of business, and a mailing address if different; the telephone number of the employer; plus such other information as the commissioner deems material and necessary.

90.    Through their knowing or intentional failure to provide Plaintiff and the members of the Rule 23 Class with the wage notices required by the NYLL, Defendants have willfully violated NYLL, Article 6, §§ 190 et seq., and the supporting New York State Department of Labor Regulations.

91.    Defendants have willfully failed to supply Plaintiff and the members of the Rule 23 Class with accurate statements of wages as required by NYLL, Article 6, § 195(3), containing the dates of work covered by that payment of wages; name of employee; name of employer; address and phone number of employer; rate or rates of pay and basis thereof, whether paid by the hour, shift, day, week, salary, piece, commission, or other; gross wages; hourly rate or rates of pay and overtime rate or rates of pay if applicable; the number of hours worked, including overtime hours worked if applicable; deductions; and net wages.

92.    Through their knowing or intentional failure to provide Plaintiff and the members of the Rule 23 Class with the accurate wage statements required by the NYLL, Defendants have willfully violated NYLL, Article 6, §§ 190 et seq., and the supporting New York State Department of Labor Regulations.

93.    Due to Defendants' willful violations of NYLL, Article 6, § 195(1), Plaintiff and the members of the Rule 23 Class are entitled to statutory penalties of fifty dollars each day that Defendants failed to provide Plaintiff and the members of the Rule 23 Class with wage notices, or a total of five thousand dollars each, reasonable attorneys' fees, costs, and injunctive an declaratory relief, as provided for by NYLL, Article 6, § 198(1-b ).

94.    Defendants failed to keep true and accurate records of hours worked by each

- 20 -

employee covered by an hourly minimum wage rate, the wages paid to all employees, and other similar information in contravention of New York Labor Law § 661.

95.    Defendants failed to establish, maintain, and preserve for not less than six (6) years payroll records showing the hours worked, gross wages, deductions, and net wages for each employee, in contravention of the New York Labor Law§ 194(4), and New York State Department of Labor Regulations§ 146-2.1.

96.    Due to Defendants' willful violations of NYLL, Article 6, § 195(3), Plaintiff and the members of the Rule 23 Class are entitled to statutory penalties of two hundred fifty dollars for each workweek that Defendants failed to provide Plaintiff and the members of the Rule 23 Class with accurate wage statements, or a total of five thousand dollars each, reasonable attorneys' fees, costs, and injunctive and declaratory relief, as provided for by NYLL, Article 6, § 198(1-d).

### COUNT IV: NYLL-(Failure to Pay Wages in Violation of New York Labor Law Section 191)
*Brough on behalf of Plaintiff and the Proposed Rule 23 Class*

97.    Plaintiff re-alleges and re-avers each and every allegation and statement contained in paragraphs above of this Complaint as if fully set forth herein.

98.    Defendants failed to pay Plaintiff and the Rule 23 Class earned commissions which constitute wages within the meaning of the New York Labor Law.

### COUNT V: NYLL – Retaliation under NYLL
*Brought on behalf of Plaintiff*

99.    Plaintiff alleges and incorporates by reference the allegations contained in all preceding paragraphs.

100.    Defendants violated the NYLL § 215 (1)(a)(i) when they threatened to terminate Plaintiff's employment after he raised and requested that he be paid the minimum wage, and that

he was owed overtime compensation.

  101. Defendants are there for liable to Plaintiff for damages under NYLL § 215(2)(a).

**COUNT VI: NYCAC – Retaliation under NYCAC**
*Brought on behalf of Plaintiff*

  102. Plaintiff alleges and incorporates by reference the allegations contained in all preceding paragraphs.

  103. Defendants violated the NYCAC § 20-918 when they threatened to terminate Plaintiff's employment in retaliation for requesting sick leave for being ill. Although the Defendants did not actually terminate the Plaintiff in this situation, the threat itself is a violation of the NYCAC.

  104. Defendants are therefore liable to Plaintiff for damages under NYCAC § 20-924.

**<u>PRAYER FOR RELEIF</u>**

**WHEREFORE**, Plaintiff Jonathan Cardenas Orozco, on behalf of himself and all similarly situated Collective Action Members and Class members, respectfully request that this Court grant the following relief:

i. That, at the earliest possible time, Plaintiff be allowed to give notice of this collective action, or that the Court issue such notice, to all persons who are presently, or have at any time during the six years immediately preceding the filing of this suit, up through and including the date of this Court's issuance of court-supervised notice, been employed by Defendants as hourly service workers at one of their locations, and of their right to join this lawsuit if they belief they were denied proper wages;

ii. An award for unpaid overtime compensation due under the FLSA and New York Labor Law;

iii. An award of unpaid minimum wage and "spread of hours" premium due under the New York Labor Law;

iv. An award of damages and penalties for the Defendants' unlawful Retaliation pursuant NYLL § 215(2)(a).

v. An award of damages and penalties for the Defendants' unlawful Retaliation pursuant NYCAC § 20-924.

- 20 -

vi.   An award of unpaid commissions due under the New York Labor Law;

vii.  An award of liquidated damages as a result of Defendants' failure to pay overtime compensation pursuant to 29 U.S.C. § 216;

viii. An award of liquidated damages as a result of Defendants' failure to pay minimum wage compensation, overtime compensation and "spread of hours" premium pursuant to the New York Labor Law and the New York State Wage Theft Prevention Act;

ix.   An award of civil penalties pursuant to the New York State Wage Theft Prevention Act;

x.    Certification of this case as a class action pursuant to Rule 23 of the Federal Rules of Civil Procedure;

xi.   Designation of Plaintiff as representative of the Rule 23 Class, and counsel of record as Class Counsel;

xii.  An injunction requiring Defendants to pay all statutorily required wages pursuant to the FLSA and NYLL

xiii. An award of prejudgment and post-judgment interest;

xiv.  An award of costs and expenses associated with this action, together with reasonable attorneys' and expert fees pursuant to 29 U.S.C. 216(b) and the NYLL; and

xv.   Such other and further relief as this Court determines to be just and proper.

## JURY DEMAND

Pursuant to FRCP 38 Plaintiff demands trial by jury on all issues.

Dated: New York, New York
       March 1, 2021

                                    **LAW OFFICE OF MOHAMMED GANGAT**

                            By:  _____
                                    Mohammed Gangat, Esq.
                                    675 3rd Avenue
                                    Suite 1810
                                    (718) 669-0714
                                    mgangat@gangatllc.com

                                    *Attorneys for Plaintiff and the FLSA Proposed*
                                    *Collective and Rule 23 Proposed Class*

- 20 -